United States District Court
Southern District of Texas
**ENTERED**
August 15, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALLEN LAWRENCE BERRY, AS TRUSTEE OF THE ALLEN LAWRENCE BERRY 2007 TRUST; DANNY S. DAVIS; AND TAYLOR MINERALS, LLC, § § § § § § Plaintiffs, § § v. § § FURIE OPERATING ALASKA, LLC, § § Defendant. § | CIVIL ACTION NO. H-23-2053 |

## MEMORANDUM OPINION AND ORDER OF REMAND

Plaintiffs, Allen Lawrence, as trustee of the Allen Lawrence Berry 2007 Trust, Danny S. Davis, and Taylor Minerals, LLC ("Plaintiffs"), initiated this action on May 11, 2023, by filing Plaintiff's Original Petition ("Plaintiff's Original Petition") in the 164th Judicial District Court of Harris County, Texas, Cause No. 2023-29225, against defendant, Furie Operating Alaska, LLC (f/n/a Excopeta Oil of Alaska, a Texas LLC) ("Defendant"), asserting claims for breach of contract and fraud.[1] On June 5, 2023, Defendant filed a Notice of Removal ("Notice of Removal") (Docket Entry No. 1). Pending before the court is Plaintiffs' Motion to Remand (Docket Entry No. 6). For the reasons explained below, Plaintiffs' Motion to Remand will be granted.

---

[1]Plaintiff's Original Petition, Exhibit 1 to Notice of Removal, Docket Entry No. 1-1, pp. 7-12. Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system.

## I. Background

This case arises from two written agreements. The first is a Lease Assignment and Participation Agreement ("LAPA") between Plaintiffs and Defendant's predecessor, Escopeta Oil of Alaska, LLC, whereby Plaintiffs provided Defendant a 79% working interest in certain leases of an oil and gas prospect in the Cook Inlet Basin of Alaska known as the Kitchen Lights Unit. The second agreement is an Assignment executed on June 18, 2020, whereby Plaintiffs (or their predecessors in interest) executed an Assignment to Defendant which adopted certain agreements previously entered by the parties, including but not limited to the LAPA. Both the LAPA and the Assignment contain essentially the same forum selection clause.[2]

On May 11, 2023, Plaintiffs filed suit against Defendant in the 164th Judicial District Court of Harris County, Texas, Cause No. 2021-29225 asserting claims for breach of contract and fraud. On June 5, 2023, Defendant timely removed the case to this court asserting complete diversity of citizenship.

On July 5, 2023, Plaintiffs filed the pending Motion to Remand arguing that "the contracts between the parties that serve as the basis for Plaintiffs' claims waive removal."[3]

---

[2] See LAPA at ¶ 12.3, Exhibit 1 to Plaintiffs' Motion to Remand, Docket Entry No. 6-1, p. 12; Assignment at ¶ II(i), Exhibit 2 to Plaintiffs' Motion to Remand, Docket Entry No. 6-2, p. 6.

[3] Plaintiffs' Motion to Remand, Docket Entry No. 6, p. 1.

## II. Standard of Review

A defendant may remove a civil action to federal court if that court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). For diversity jurisdiction, the amount in controversy must exceed $75,000 and complete diversity must exist between all parties. 28 U.S.C. § 1332(a). The parties do not dispute that both of these conditions have been met. The party seeking removal has the burden of establishing that removal was proper. Manguno v. Prudential Property & Casualty Insurance Co., 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). Courts strictly construe the removal statutes in favor of remand and against removal. Id.

The Fifth Circuit has long recognized that "'[a] party to a contract may waive a right of removal provided the provision of the contract makes clear' the intent to waive that right." Dynamic CRM Recruiting Solutions, L.L.C. v. UMA Education, Inc., 31 F.4th 914, 917 (5th Cir. 2022) (quoting Waters v. Browning-Ferris Industries, Inc., 252 F.3d 796, 797 (5th Cir. 2001)). A forum-selection clause will "prevent a party from exercising its right to removal" only if "the clause [gives] a 'clear and unequivocal' waiver of that right." City of New Orleans v. Municipal Administrative Services, Inc., 376 F.3d 501, 504-05 (5th Cir. 2004), cert. denied, 125 S. Ct. 1396 (2005). "A party may waive its rights by explicitly stating that it is doing so, by allowing the other party the right

to choose venue, or by establishing an exclusive venue within the contract." Dynamic, 31 F.4th at 917 (quoting City of New Orleans, 376 F.3d at 504). Because the forum selection clause here does not mention removal or give either party the right to choose the forum, the question is whether the clause establishes an exclusive venue within the contract. Dynamic, 31 F.4th at 917.

Plaintiffs argue that the clause waives the right to removal because it is a mandatory clause that requires all claims to be filed in Texas state courts.[4] Defendant responds that the forum-selection clause in the parties' agreements does not waive its right to removal because it is permissive and only allows, rather than requires, actions related to those agreements to be filed in the courts of the State of Texas.[5] The Fifth Circuit has long recognized a distinction between mandatory and permissive forum selection clauses. See e.g., Dixon v. TSE International, Inc., 330 F.3d 396, 397 (5th Cir. 2003) (per curiam), City of New Orleans, 376 F.3d at 504-05; Keaty v. Freeport Indonesia, 503 F.2d 955, 956 (5th Cir. 1974) (per curiam). Unlike their mandatory counterparts, permissive forum selection clauses allow but do not require litigation in a designated forum. District courts are not required to remand cases involving clauses that are permissive. See, e.g., Keaty, 503 F.3d at 957; City of New Orleans, 376 F.3d at 504-05.

---

[4] Id. at pp. 3-4.

[5] Defendant's Response to Plaintiffs' Motion to Remand ("Defendant's Response"), Docket Entry No. 7, pp. 2-3.

### III. Analysis

#### A.  Applicable Law

The enforceability of a forum selection clause in a diversity case such as this one is governed by federal law, but the clause's interpretation is governed by the law of the forum state — subject to the federal requirement that a waiver of removal rights be sufficiently clear. See Dynamic, 31 F.4th at 918. Here, the forum state is Texas. Contractual forum selection clauses are generally valid under Texas law, and no party has argued that the clause at issue is invalid. Courts construe contractual provisions as a matter of law unless the provision is ambiguous. See D.E.W., Inc. v. Local 93, Laborers' International Union of North America, 957 F.2d 196, 199 (5th Cir. 1992). To properly understand the objective meaning conveyed by contractual text, "[courts] must read all parts of the contract together, striving to give meaning to every . . . word" and "to avoid rendering any portion inoperative." Dynamic, 31 F.4th at 918 (quoting Balandran v. Safeco Insurance Company of America, 972 S.W.2d 738, 741 (Tex. 1998)). When a contract provision is ambiguous courts "confronted with two opposing, yet reasonable, interpretations of the same . . . provision, . . . follow[] the traditional rule whereby an interpretation is preferred which operates more strongly against the party from whom (the words) proceed." Keaty, 503 F.2d at 957 (internal quotation marks and citations omitted).

### B.  Application of the Law to the Facts

The forum selection clause in the LAPA states that

> [t]he parties agree to submit to the jurisdiction of the courts of the State of Texas for all purposes, and sole and exclusive venue for any dispute or disagreement arising under or relating to this Agreement shall rest with the applicable court sitting in Harris county, Texas.[6]

Plaintiffs assert — and Defendant does not dispute — that the Assignment contains a substantively identical forum selection provision.[7]

Citing Dixon, 330 F.3d at 397, Plaintiffs argue that

> [t]hrough the Agreements, the parties clearly and unequivocally agreed to submit to the jurisdiction "of the courts of the State of Texas for all purposes." . . . The U.S. Court of Appeals for the Fifth Circuit has held forum selection clauses specifying jurisdiction in the courts "of" Texas waive any right to removal.[8]

The contractual language at issue in Dixon stated that

> [t]he Courts of Texas, U.S.A., shall have jurisdiction over all controversies with respect to the execution, interpretation or performance of this Agreement, and the parties waive any other venue to which they may be entitled by virtue of domicile or otherwise.

---

[6]LAPA at 12.3, Exhibit 1 to Plaintiffs' Motion to Remand, Docket Entry No. 6-1, p. 12.

[7]See Plaintiffs' Motion to Remand, Docket Entry No. 6, p. 2 ¶ 6 (citing Assignment at II(i), Exhibit 2 to Plaintiffs' Motion to Remand, Docket Entry No. 6-2, p. 6).  See also Defendant's Response, Docket Entry No. 7, p. 2 (agreeing that the provisions are identical).

[8]Plaintiffs' Motion to Remand, Docket Entry No. 6, p. 3 (citing LAPA at 12.3, Exhibit 1 to Plaintiffs' Motion to Remand, Docket Entry No. 6-1, p. 12).

<u>Id.</u> The district court held that this provision required remand because it mandated that all disputes be litigated in Texas state courts and that the parties waived any other venue to which they may have been entitled. Although the defendant argued that the provision should be interpreted to allow suits to be brought in both state and federal courts in Texas, the district court concluded that "the word 'of' is 'used as a function word to indicate belonging or a possessive relationship,'" <u>id.</u> at 397, and that the "federal courts of the Eastern District of Texas are not courts of Texas because they do not belong to Texas, but rather are courts of the United States." <u>Id.</u> at 398. The Fifth Circuit affirmed stating "[t]he district court correctly interpreted the contract at issue. Federal district courts may be <u>in</u> Texas, but they are not <u>of</u> Texas. . . By agreeing to litigate all relevant disputes solely in 'the Courts of Texas,' [Defendant] waived its right to removal." <u>Id.</u>

Citing <u>inter alia</u> <u>Keaty</u>, 503 F.2d at 956, and <u>City of New Orleans</u>, 376 F.3d at 504, Defendant argues that the forum-selection clause is not mandatory but, instead, permissive because it only allows — not requires — actions related to the agreements to be filed in the "courts of the State of Texas."[9] Defendant argues that "[t]he first phrase consents to jurisdiction before 'the courts of the State of Texas,' but the parties do not agree to

---

[9]Defendant's Response, Docket Entry No 7, pp. 2-3.

submit all disputes <u>exclusively</u> to the jurisdiction of Texas courts."[10]  Acknowledging that "[t]he second phrase is a venue/forum-selection clause that is exclusive, requiring disputes to be litigated in 'the applicable court sitting in Harris County, Texas,'"[11] Defendant argues that "contrary to Plaintiff's argument, this language does not waive the right to removal to federal court if there is a federal court 'in Harris County, Texas.'"[12]

The <u>Keaty</u> provision stated: "This agreement shall be construed and enforceable according to the law of the State of new York and the parties submit to the jurisdiction of the courts of New York." 503 F.2d at 956.  One party argued that this provision constituted an agreement that disputes would be litigated exclusively in New York and, therefore waived the right to sue or be sued elsewhere. The opposing party argued that this provision was merely an agreement to submit to the jurisdiction of courts in New York if sued there, but did not waive the right to sue or be sued elsewhere.  Finding that the parties presented "a negotiated contract provision subject to opposing, yet reasonable, interpretations," <u>id.</u> at 957, the Fifth Circuit applied "the traditional rule whereby, an interpretation is preferred which operates more strongly against the party from whom (the words)

---

[10]<u>Id.</u> at 2.

[11]<u>Id.</u> at 3.

[12]<u>Id.</u>

proceed." Id. (internal quotation marks and citations omitted). Because the party who argued for exclusive jurisdiction in New York had written the provision, the Keaty court ruled in favor of the interpretation offered by the party who opposed exclusive jurisdiction in New York. Id. at 957.

City of New Orleans, 376 F.3d at 504-05, involved a contract provision analogous to that at issue in Keaty. The provision at issue in City of New Orleans governed jurisdiction and stated that

> [t]he undersigned Contractor does further hereby consent and yield to the jurisdiction of the State Civil Courts of the Parish of Orleans and does hereby formally waive any pleas of jurisdiction on account of the residence elsewhere of the undersigned Contractor.

Id. at 504. The City argued that this provision constituted not only the contractor's consent to jurisdiction in Louisiana state courts, but also waiver of the contractor's right to remove to federal court. The contractor argued that the provision constituted consent to personal jurisdiction in the Louisiana state courts but because it did not specify those courts as the exclusive venue for suits arising from the contract, it did not waive the contractor's right to removal. Id. Citing Keaty for finding that consent to jurisdiction in one forum does not necessarily waive a party's right to sue or be sued in another forum, id., the Fifth Circuit held that

> [a]s the district court noted, the clause is, at the very least, susceptible to more than one reasonable interpretation. This ambiguity must be construed against the city as drafter. The very presence of ambiguity

>indicates that the clause does not contain a "clear and unambiguous" waiver of removal rights and is therefore ineffective as a waiver. The city's motion to remand was properly denied.

Id. at 505.

The contract provision before the court is distinguishable from the provisions at issue in Keaty and City of New Orleans, because those provisions were merely choice-of-law and jurisdiction selection clauses, not forum selection clauses. The provision at issue here is, however, analogous to the provision in Dixon, 330 F.3d at 387, which established an exclusive forum as well as jurisdiction. Moreover, unlike the courts in Keaty and City of New Orleans, the court is not persuaded that the parties have presented two opposing, yet reasonable, interpretations of an ambiguous contract provision. To the contrary, the court concludes that the contract provision at issue here is neither ambiguous nor susceptible to more than one reasonable interpretation.

The provision at issue has two complimentary parts joined by the conjunction "and," which shows that the two parts must be read together to create a whole. When read together, the two parts of the provision unambiguously establish venue exclusively in state courts sitting in Harris County, Texas. The first part of the provision is a jurisdiction selection clause in which "the parties agree to submit to the jurisdiction of the courts of the State of Texas for all purposes." The Fifth Circuit has held that the term "courts of Texas" are state, not federal courts. Dixon, 330 F.3d

at 398. The second part of the provision is a venue selection clause in which the parties agree that "sole and exclusive venue for any dispute . . . shall rest with the applicable court sitting in Harris county, Texas." Because the term "applicable court" used in the second part of the provision must be read in conjunction with the first part of the provision where "the parties agree to submit to the jurisdiction of the courts of the State of Texas," the "applicable court" in the second part must refer to the "courts of the State of Texas" named in the first part. Thus, when read together, the two parts of the provision exclusively assign all litigation related to the parties' agreements to state courts sitting in Harris County, Texas. Permitting removal in this case would read the words "sole and exclusive" out of the second part of the provision, which constitutes the forum selection clause. Defendant's argument to the contrary lacks merit because it fails to treat the two parts of provision at issue as equal parts of a whole. The court concludes therefore, that the contract provision at issue constitutes a mandatory forum selection clause pursuant to which the parties unambiguously established the state courts sitting in Harris County, Texas, as the chosen venue within the contract. Accordingly, Plaintiffs' Motion to Remand will be granted.

## IV. Conclusions and Order of Remand

For the reasons stated in § III, above, the court concludes that the forum-selection clause in the agreements from which this action arises are mandatory, and that this action should be remanded to the 164th Judicial District Court of Harris County, Texas. Accordingly, Plaintiff's Motion to Remand, Docket Entry No. 6, is **GRANTED**.

This action is **REMANDED** to the 164th Judicial District Court of Harris County, Texas.

The Clerk of the Court will provide a copy of this Memorandum Opinion and Order of Remand to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this the 15th day of August, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE